UNITED STATES

v.

Sergeant Andrea P. HARVEY, FR256–08–4427, United States Air Force.

ACM 28770.

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 May 1990.

Decided 22 Oct. 1991.

Appellate Counsel for the Appellant: Lieutenant Colonel Jeffrey R. Owens, Major Ronald G. Morgan, and Major Paul M. Dankovich.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr., Lieutenant Colonel Brenda J. Hollis, and Major Morris D. Davis.

Before O'HAIR, RIVES, and MILLS, Appellate Military Judges.

## OPINION OF THE COURT

O'HAIR, Senior Judge:

Contrary to her pleas, the appellant was found guilty of use and distribution of cocaine on divers occasions, and wrongfully endeavoring to impede an investigation by requesting a witness, AB O'Brien, to make a false statement to investigators. Her approved sentence was a dishonorable discharge, confinement for 15 months, forfeiture of all pay and allowances, and reduction to E-1. Before us, the appellant raises the following issue for our consideration:

WHETHER THE MILITARY JUDGE DENIED THE APPELLANT MILITARY DUE PROCESS WHEN HE FAILED TO SUPPRESS THE APPELLANT'S STATEMENTS TO A GOVERNMENT AGENT WHO DELIBERATELY, REPEATEDLY, AND SYSTEMATICALLY REINITIATED A SERIES OF INTERROGATIONS, WITHOUT APPELLANT'S COUNSEL BEING PRESENT, AFTER THE APPELLANT REQUESTED AND CONSULTED COUNSEL FOLLOWING AN AFOSI INTERROGATION.

Finding the military judge did not err in his decision to permit the evidence to be presented to the court members, we affirm.

On 30 January 1990, Amn Lopez was called in by the Air Force Office of Special Investigations (OSI) because of suspected use of cocaine, and he implicated AB O'Brien as his cocaine supplier. O'Brien was interrogated on 31 January and she implicated her source, the appellant. Later that same day the appellant was taken to the OSI for questioning and at that time she exercised her right to remain silent and her right to an attorney. According to the military judge's findings of fact, on the following day the appellant made several phone calls to O'Brien, requesting they meet to discuss the OSI investigation. After coordination with O'Brien's defense counsel, the chief of military justice from the legal office and an OSI agent decided that O'Brien should meet with the appellant and that their conversations be recorded on a tape recorder hidden on her body. The appellant, over the course of the next 2 days, made the arrangements for the three meetings she had with O'Brien. The recorder malfunctioned during the first meeting, but incriminating conversations were recorded during the second and third meetings. These recordings contain evidence of the appellant's requests that O'Brien contact OSI agents and tell them she lied to them when she previously admitted she had received cocaine from the appellant and each of them had smoked cocaine in the other's presence.

Over defense objection, the tape recordings of these meetings between O'Brien and the appellant, accompanied by verbatim transcripts of the conversations, were presented to the court members as evidence to prove only the obstruction of justice charge. The defense challenged this evidence as violative of the appellant's Sixth Amendment right to counsel and her Fifth Amendment and Article 31, 10 U.S.C. § 831 rights against self-incrimination.

The military judge denied the defense suppression motion by finding that the appellant had no Sixth Amendment right to counsel because such does not attach until adversarial proceedings are initiated, which in military law is at the time of preferral of charges. Next, he found she had no Fifth Amendment right to counsel and right against self-incrimination because the conversations did not occur in a custodial setting. And, finally with regard to Article 31(b) and Military Rules of Evidence 304 and 305, he applied the test found in *United States v. Duga*, 10 M.J. 206 (C.M.A.1981), and concluded that no violation had occurred.

The United States Supreme Court has set out the parameters for situations requiring the application of the constitutional safeguards of the Fifth and Sixth Amendments in cases involving criminal custodial interrogations. The Fifth Amendment provides the suspect with protection against self-incrimination when faced with the inherent pressures of any custodial interrogation, whereas the Sixth Amendment right to

counsel only attaches when the suspect has been formally charged. *Arizona v. Roberson,* 486 U.S. 675, 108 S.Ct. 2093, 2100, 100 L.Ed.2d 704 (1988).

■ We will first examine the appellant's claim that her Fifth Amendment rights were violated. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), has long been the benchmark for the principle that suspects must be informed of their Fifth Amendment right against self-incrimination if they are to be subjected to a custodial interrogation. *United States v. Tempia,* 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967), and Mil.R.Evid. 305(d)(1)(A) have applied the *Miranda* principle to military suspects subjected to custodial interrogations. In the case before us, the appellant claims that because O'Brien was acting as a government agent she was required to advise appellant of her Article 31 rights before meeting with her to discuss the pending case. The issue to be resolved is whether appellant was the subject of a custodial interrogation at the time her conversations with O'Brien were recorded. We find she was not.

The appellant was not in custody at any time during which her statements were recorded by O'Brien's concealed tape recorder, nor could it be said that appellant believed she had been deprived of her freedom of action during these episodes. Contrary to appellant's assertions in her assignment of error, not only were the three meetings between the appellant and O'Brien convened at the behest of the appellant, they were conducted at times and locations selected by appellant and terminated at her will. It should also be recognized that the appellant was under no duress to attend or remain at these meetings since she was O'Brien's military superior and workplace supervisor. Therefore, we cannot conclude that appellant found herself in a classic custodial setting which would trigger a Fifth Amendment rights advice.

■ Examining this from a different perspective, Article 31(b), UCMJ, prohibits a person subject to the Code from interrogating or requesting a statement from a suspect without first informing him or her of the nature of the accusation and advising him or her that a statement does not have to be made. The Court of Military Appeals has developed a standard to determine whether investigators and others who wish to interrogate a suspect are required to advise that suspect of all rights afforded by Article 31(b):

> [I]n each case it is necessary to determine whether (1) a questioner subject to the Code was acting in an official capacity in his inquiry or only had a personal motivation; and (2) whether the person questioned perceived that the inquiry involved more than a casual conversation. [Citing *United States v. Gibson,* 3 U.S.C.M.A. 746, 14 C.M.R. 164 (1954)] Unless both prerequisites are met, Article 31(b) does not apply.

*United States v. Duga,* 10 M.J. at 210.

Once again, this appellant derives no benefit from these protections because we find no interrogation was conducted by O'Brien; at no time did she ask the appellant for a statement or encourage her to commit an additional offense. The remarks by both parties were conversational in nature and did not approach the level of being an interrogation such as would implement the Article 31(b) warning requirements. Although there is no question O'Brien was acting in an official capacity during these recordings, it is equally clear the appellant did not perceive these exchanges or meetings as anything more than casual conversations in which the latter was attempting to discover how much and what type of incriminating information had been given to the OSI and by what sources. Therefore, under the *Duga* test, O'Brien was not required to advise the appellant of her Article 31(b) rights.

■ The appellant likens the interrogation setting here with that occurring in *United States v. Brabant,* 29 M.J. 259 (C.M.A.1989), where the suspect, after a rights advisement by investigators, exercised his right to remain silent and requested a lawyer. The interrogation ended, but the suspect, Brabant, was required to wait 5 hours to meet with the commander. Al-

though the commander warned Brabant to contact an attorney for advice, Brabant volunteered incriminating information. The U.S. Court of Military Appeals found that the "inherently compelling pressures" of the initial interrogation continued over to the meeting with the commander, thus the confessions given during that meeting were inadmissible.

We disagree with appellant's position that O'Brien's conduct was similar to that of the commander in *Brabant*. In the absence of such a custodial situation, the appellant was not under the type of pressure which would tend to induce a statement. Her remarks were completely voluntary and the decision to incriminate herself and encourage O'Brien to impede the OSI investigation by lying was clearly her own. *See Illinois v. Perkins*, 496 U.S. 292, 110 S.Ct. 2394, 110 L.Ed.2d 243 (1990), (*Miranda* found not to apply to a confession elicited by undercover agent) and *Arizona v. Falminante*, 499 U.S. ——, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), (confession to undercover agent found to be involuntary).

■ Addressing now the appellant's right to consult with counsel, the appellant wishes to invoke the benefits of *Minnick v. Mississippi*, 498 U.S. ——, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990), which holds that once a suspect requests counsel, no subsequent interrogations may be conducted until counsel is present, regardless of whether the request for counsel involves the same or a different, unrelated offense. The appellant's argument fails because it is based on the premise that O'Brien's conversations with appellant amounted to an interrogation.

Another side of this issue can be found in *Maine v. Moulton*, 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985), where a co-accused was supplied with a hidden tape recorder and engaged in multiple conversations with Moulton to discuss their trial strategy. At that time Moulton's Sixth Amendment right to counsel had attached because he had been formally accused of the charges against him. During these exchanges Moulton made incriminating statements about not only the pending charges, but other uncharged misconduct and a possible obstruction of justice offense. In reversing Moulton's conviction and returning the case for a new trial, the Supreme Court was very protective of Moulton's Sixth Amendment right to counsel. The Court found the State had circumvented his right to counsel as to those incriminating statements regarding pending charges; however, they found no such limitation when the accused made incriminating statements pertaining to other crimes. *Moulton*, 474 U.S. at 180, 106 S.Ct. at 489, 88 L.Ed.2d at 498–99 and n. 16. *Cf. United States v. Henry*, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980); *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), (convictions were reversed because the government had deliberately elicited incriminating statements from the defendants, in the absence of counsel, regarding their pending charges).

We find that the scenario in which the appellant found herself, where she, after having exercised her right to consult with legal counsel, initiated all contacts with a government informant and set the times and places for their meetings to discuss prior misconduct which was the subject of an on-going investigation, did not amount to an interrogation which required counsel warnings be given by the informant/agent. The appellant gambled that her partner in the distribution and use of cocaine was not only going to be faithful to her, but would actually return to the OSI office and tell them a lie to retract her earlier incriminating statements to them. The appellant misplaced her faith to her detriment.

The findings of guilty and the sentence are

AFFIRMED.

Judges RIVES and MILLS concur.